IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAMES BRYANT** | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **THERESA DELBALSO, THE DISTRICT** | : | |
| **ATTORNEY OF THE COUNTY** | : | |
| **OF PHILADELPHIA and THE** | : | |
| **ATTORNEY GENERAL OF THE** | : | |
| **STATE OF PENNSYLVANIA** | : | **NO. 18-5017** |

### MEMORANDUM

**Savage, J.**                                                                                                    **March 30, 2022**

James Bryant, whose *habeas* petition was denied in September, 2019, has filed a pleading labelled a motion under Federal Rule of Civil Procedure 60(b). Like he did in his *habeas* petition, he challenges the sufficiency of the evidence to sustain his conviction of third-degree murder and related crimes. This time he relies upon a recent Third Circuit case, *Travillion v. Superintendent Rockview SCI, et al.*, 982 F.3d 896 (3d Cir. 2020).

His Rule 60(b) motion challenges the merits of the denial of his *habeas* petition, not a defect in the integrity of the *habeas* proceeding. Despite its label, his motion is a second or successive *habeas* petition. Because he has not been granted authorization from the Third Circuit to file it, we shall dismiss the motion.

### Analysis

*Rules 60(b) and 60(d)*

Rule 60 may not be used to relitigate the movant's underlying conviction after his *habeas* petition attacking the same conviction has been denied. A motion brought under Rule 60(b) may not be used as a substitute for appeal. *Morris v. Horn*, 187 F.3d 333, 343 (3d Cir. 1999); *Fox v. Brewer,* 620 F.2d 177, 180 (8th Cir. 1980) (citations omitted).

Under AEDPA's "second or successive petition" rule, a prisoner is not permitted to file a *habeas* petition after his previously filed *habeas* petition attacking the same conviction was decided on the merits.  28 U.S.C. § 2244(b)(1).[1]  If the petitioner makes a new claim in a second or successive petition, he must first receive permission from the Court of Appeals to file the petition.  Absent such authorization, the district court lacks jurisdiction over the matter and is not permitted to consider the merits of the subsequent petition.  28 U.S.C. § 2244(b)(3)(A); *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005).

Whether labelled a *habeas* petition or a Rule 60 motion, a motion that makes a claim on the merits attacking the same conviction that was challenged in a previous *habeas* petition is a "second or successive" *habeas* petition.  *Gonzalez*, 545 U.S. at 532, 538.  A motion for relief from judgment that does not assert or reassert claims of error in the movant's state-court conviction, but challenges only the district court's failure to reach the merits of a prior *habea*s petition is not a second or successive *habeas* petition.  *Id.* at 538; *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

A petitioner cannot circumvent the "second or successive" petition bar by presenting new claims for relief that couch his petition in the language of a Rule 60(b) motion.  The *Gonzalez* Court characterized such a maneuver as an impermissible effort to bypass AEDPA's requirement that new claims be dismissed unless they are based on "newly discovered facts" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *Gonzalez*,

---

[1] Section 2244(b)(1) states that a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).

545 U.S. at 531–32 (citing 28 U.S.C. § 2244(b)(2)); *see also Blystone v. Horn*, 664 F.3d 397, 411 (3d Cir. 2011).

When a motion is filed in a *habeas* case under a Rule 60(b) or 60(d) label, the district court must initially determine whether the motion is actually a "second or successive" habeas petition within the meaning of § 2244(b). *Id.* at 530; *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *Sharpe v. United States,* Crim. No. 02-771, 2010 WL 2572636, at *2 (E.D. Pa. June 22, 2010). If it is not a "second or successive" petition, no authorization from the court of appeals is required. Thus, we must determine whether Bryant's motion is a true Rule 60 motion or, as the government contends, an impermissible successive *habeas* petition.

In his petition, Bryant challenged the sufficiency of the evidence to support his conviction. Magistrate Judge Heffley, in a thorough and comprehensive assessment of the evidence presented at Bryant's trial, concluded that a rational trier of fact easily could have concluded beyond a reasonable doubt that Bryant was guilty of the crimes charged.[2] After conducting an independent review of the evidence, we adopted Magistrate Judge Heffley's report and recommendation. Thus, the denial of Bryant's *habeas* petition was based on the merits.

Bryant cannot now relitigate his sufficiency of the evidence claim. His motion is an attempt to do so. His reliance on *Travillion* is misplaced. That case did not alter the sufficiency of the evidence test required by *Jackson v. Virginia*, 443 U.S. 307 (199). It did not announce a new rule of law. It simply applied the well-established rule to the

---

[2] June 25, 2019 Report and Recommendation (Doc. No. 15).

facts of that case.  Therefore, *Travillion* does not afford Bryant relief.

Because Bryant's motion is an unauthorized second or successive *habeas* petition, we shall dismiss it.