IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAMES BRYANT** | : CIVIL ACTION |
| | : |
| **v.** | : |
| | : |
| **THERESA DELBALSO, THE** | : |
| **DISTRIT ATTORNEY OF THE** | : |
| **COUNTY OF PHILADELPHIA and** | : |
| **THE ATTORNEY GENERAL OF THE** | : |
| **STATE OF PENNSYLVANIA** | : NO. 18-5017 |

**MEMORANDUM**

**Savage, J.**                                                                                                         **March 24 , 2023**

James Bryant, a state prisoner serving a prison term of 19½ to 41 years following his conviction for third degree murder and related charges, has filed a second motion for relief under Fed. R. Civ. P. 60(b).[1]  He seeks to reopen the order dismissing his petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254.  Because the motion is untimely and an unauthorized second or successive *habeas* petition, we shall dismiss it.

## Background

Bryant was sentenced on October 10, 2012.  His conviction was affirmed on appeal to the Pennsylvania Superior Court.  On September 11, 2014, Bryant filed a timely *pro se* PCRA petition, which he supplemented on October 4, 2016.  *Bryant*, 2019 WL 13160827, at *2.  Appointed counsel filed a no-merit letter and a motion to withdraw which was granted on May 19, 2017.  *Id.*  On the same day, the PCRA court dismissed the PCRA

---

[1] Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b), Fed. R. Civ. P. (the "Second Rule 60(b) Motion") (ECF No. 46).  Bryant's prior Rule 60(b) motion was dismissed because it constituted an impermissible second or successive *habeas* petition.  *See* Petitioner's Motion for Relief from Judgment Pursuant to Rule 60(b), Fed. R. Civ. P. (the "Rule 60(b) Motion) (ECF No. 29) and the Court's March 30, 2022 Memorandum and Order ("Mar. 30, 2022 Mem. and Order") (ECF Nos. 37, 38).

petition as meritless.  *Id.*   On October 26, 2018, the Pennsylvania Superior Court affirmed the dismissal.  *Id.*  Bryant did not seek further review with the Pennsylvania Supreme Court.  *Id.*

On November 19, 2018, Bryant filed a *pro se* § 2254 petition asserting that his trial counsel was ineffective for failing to obtain a psychological evaluation and to call an expert on eyewitness testimony, and that his appellate counsel was ineffective for failing to raise insufficiency of the evidence.[2]

The magistrate judge recommended that the petition be denied with prejudice and without an evidentiary hearing.  She concluded that two of Bryant's four claims were procedurally defaulted and all four were meritless.  Bryant filed objections to the Report and Recommendation.[3]  In an Order dated September 30, 2019, we overruled the objections, adopted the Report and Recommendation, dismissed the petition without prejudice, and determined that there was no probable cause to issue a certificate of appealability.[4]  Upon reconsideration, we dismissed the petition with prejudice on October 3, 2019.[5]  The United States Court of Appeals for the Third Circuit denied Bryant's request for a certificate of appealability.[6]

---

[2]  See Petition Under 28 U.S.C. § 2254 for Writ of *Habeas Corpus* (ECF No. 2); *Bryant*, 2019 WL 13160827, at *2.

[3]  Petitioner's Objections to Magistrate's Report and Recommendation ("Objs.") (ECF No. 18).

[4]  Order of September 30, 2019 (ECF No. 20).

[5]  Order of October 3, 2019 (ECF No. 22).

[6]  *Bryant v. Superintendent Mahanoy SCI, et al.*, No. 19-3431 (3rd Cir., May 28, 2020) (ECF No. 28).

Bryant filed a Rule 60(b) motion on July 12, 2021.[7] On March 30, 2022, that motion was dismissed for lack of jurisdiction because it was a second or successive *habeas* petition.[8] Bryant filed a Notice of Appeal.[9] The United States Court of Appeals for the Third Circuit, treating his notice of appeal as a request for a certificate of appealability, denied it on August 29, 2022.[10]

In his current motion, Bryant mistakenly asserts that the magistrate judge determined that two of his claims were procedurally defaulted and did not reach the merits of his claim.[11] He is incorrect. Although the magistrate judge determined that the claims for ineffectiveness of counsel for failure to obtain a psychological evaluation and to call an expert on eyewitness testimony were procedurally defaulted, she nevertheless considered the merits of those claims, concluding that they lacked merit.[12]

Bryant frames his present motion under Rule 60(b) as follows:

> Based on PCRA counsel's ineffectiveness whose no-merit letter failed to adequately and properly investigate the claims as to trial counsel's ineffectiveness [for failing to request a psychological evaluation or call an expert on eyewitness testimony] and the United States Supreme Court's decision in Martinez v. Ryan, 132 S.Ct. 1309 (2012), providing a new persuasive basis to argue claims of trial counsel's ineffectiveness raised in the pro se petition and procedurally

---

[7] See Rule 60(b) Motion.

[8] See Mar. 30, 2022 Mem. and Order.

[9] *See* April 8, 2022 Notice of Appeal (ECF No. 40)

[10] See Order, *Bryant v. Mahanoy*, No. 22-1698 (3d Cir., Aug. 29, 2022) (ECF No. 45).

[11] Second Rule 60(b) Motion at 2. The Court adopts the pagination supplied by the CM/ECF docketing system.

[12] Specifically, the magistrate judge concluded that Bryant's trial counsel was not ineffective for failing to pursue a psychological evaluation when there was no reasonable probability that an evaluation would have changed the outcome of his trial. *Bryant*, 2019 WL 13160827, at *7. She also determined that Bryant's ineffectiveness claim that counsel failed to call an expert on eyewitness testimony was meritless. *Id.* at 8.

> defaulted by PCRA counsel's failure to amend and/or adequately and properly investigate the claim warrants relief from this Court's 9/30/19, judgement pursuant to Rule 60(b)(6), Fed.R.Civ.P. . . . .[13]

### Analysis

Federal Rule of Civil Procedure 60(b) provides as follows:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Of the six available grounds for relief from a judgment afforded by Rule 60(b), Bryant relies upon Rule 60(b)(6), the catch-all provision that allows a district court to vacate a prior judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). There is no specific time limit for filing a motion pursuant to Rule 60(b)(6). But, it must be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1); *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (citing Fed. R. Civ. P. 60(b)).

Bryant filed his second Rule 60(b) motion more than three years after his *habeas* petition had been denied. The Third Circuit has held that two years is not reasonable. *Moolenaar*, 822 F.2d at 1348. If two years is not reasonable, three years is not.

---

[13] Second Rule 60(b) Motion at 3.

Bryant's current motion is untimely because it was not filed within a reasonable time. His *habeas* petition was dismissed on September 30, 2019. He did not file his recent 60(b)(6) motion until November 28, 2022.

Not only is Bryant's motion untimely, it is an impermissible second or successive *habeas* petition. Rule 60 may not be used to challenge the movant's underlying conviction after his *habeas* petition attacking the same conviction has been denied. It is not a substitute for appeal. *Morris v. Horn*, 187 F.3d 333, 343 (3d Cir. 1999).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a prisoner cannot file a second or successive petition for writ of *habeas corpus* without first seeking and receiving approval from the court of appeals. Absent such authorization, the district court is not permitted to consider the merits of the subsequent petition. 28 U.S.C. § 2244(b)(3)(A); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

Rule 60 may not be used to challenge once again the movant's underlying conviction after his *habeas* petition attacking the same conviction has been denied. It may not be used as a substitute for appeal. A determination whether the Rule 60 motion is a "second or successive" *habeas* petition turns on whether the petitioner is attempting to relitigate the merits of his earlier *habeas* petition or underlying conviction or is attacking the "manner in which the habeas judgment was procured . . . ." *Pridgen v. Shannon*, 380 Fed. 3rd 721, 727 (3rd Cir. 2004). Where the motion is a renewed argument of issues decided in a previous *habeas* petition, it is successive. *Id.*

Bryant declares in his motion that he seeks relief under Rule 60(b)(6).[14] However, he is actually attempting to relitigate the merits of his prior ineffectiveness claims

---

[14] Second Rule 60(b) Motion at 3.

5

regarding the failure of trial counsel to pursue a psychological evaluation and to call an expert on eyewitness testimony.  Those claims were considered on the merits.  They are not new claims.  He is merely reiterating his earlier claims.  Therefore, we shall deny his motion.

/s/ TIMOTHY J. SAVAGE J.